By the Court, Bosworth, Ch. J.
This case presents two important questions discussed in my opinion, in the suit of Towle v. Palmer & Smith, argued at the December general *474 term, 1862, before Justices Robertson, Barbour and myself,(a)
On one of those questions, viz. whether the condition in the grant of March 31, 1837, to the effect that the grant should be deemed null and void, if it afterwards appeared that the persons named in it, as grantees, were not then owners in fee of the adjacent lands, no rule was given to the jury.
The judge assumed in his charge, and instructed the jury, that the plaintiff had' established a title to lots 117 and 118, which for the purposes of the trial, was to be deemed a good one.
It was submitted to the jury as a question of fact whether the defendants and their grantors had possessed land adversely for more than twenty years before this suit was commenced ; and the jury, on this issue, found for the defendants.
The judge charged that the deed or grant of March 31, 1837, was sufficient to commence what is called in law adverse possession by these parties. To this charge the plaintiff excepted.
I understand this part of the charge to mean, that an entry under this grant, and a possession of the premises under it, and according to it, would constitute a possession adverse in its commencement.
Although the- terms of this part of the charge, viz. “for the purposes of this trial I shall charge you that that deed is sufficient to commence what is called in law an adverse possession by these parties,” may imply that the learned judge did not consider the instruction as unquestionably accurate; it is to be treated on this appeal as an absolute instruction, as to the accuracy of which no doubt was extertained.
For reasons stated in the opinion in Towle v. Palmer & Smith, (supra,) I think this part of the charge is erroneous.
If erroneous, for the reason that an occupation under the grant was not adverse,,it will be unnecessary to consider the further portions of the charge relating to the question of adverse possession.
*475 There is no suggestion in the charge that there has been any adverse possession of the premises in question, unless the possession under and according to the grant was itself adverse.
The charge is that “if the lots in controversy were ® * * ® . * taken possession of by the grantees, under the corporation grant of 1837 to the heirs of Clarke, claiming title thereto, under such grant, more than twenty years before the commencement of this action, and they remained in open and uninterrupted possession thereof until the commencement of this suit, then the defendants are entitled to your verdict.” To this- part of the charge the plaintiff excepted.
If an adverse possession is- not predicable of a possession taken under the grant with no claim of title other than that which the grant conveys, it follows that the charge was wrong, and the plaintiff is entitled to a new trial, even though the condition in the grant is to be treated as a condition subsequent, and although, if so treated, the plaintiff or the corporation must bring a suit to set aside the grant, and prosecute that to a successful issue and final determination before a suit can be brought in which the possession of the premises in question can be recovered.
In Towle v. Palmer & Smith, (supra,) I have stated the views which induce me to believe that the condition was designed by the grantor in that grant as a condition precedent; and if those views are correct, the plaintiff was entitled to the construction contained in the first and eighth requests to charge.
But assuming those views to' be incorrect, as we must in deciding this appeal, as they are in conflict with the decision in that case, the judgment in this action should be reversed'.,
If affirmed, it will then stand adjudged that the defendants have acquired a valid title by adverse possession, which adjudication, I think; would be erroneous.
On a new trial the plaintiff will of course be nonsuited or his complaint dismissed, when the proofs are closed, or on his *476 opening, if in Ms statement of the case he admits the existence of the prior grant and its contents.
When nonsuited, or his complaint is dismissed on that ground, he will be defeated by a correct application of the law, if the decision made in Towle y. Palmer & Smith shall be upheld.
But an affirmance of the judgment on the case presented by the appeal papers would bar the plaintiff’s cause of action by the determination of a fact which was erroneous to submit to the jury, and on a ground which does not constitute a defense.
The plaintiff should not be subjected to the consequences wMch acquiescence in the affirmance might have upon his rights, and that too in a case where, upon the theory as to his' rights on which the charge was made, he was entitled to recover if the defense of adverse possession could not be sustained upon the evidence given.
Judgment reversed and new trial granted, with costs to abide the event.

Ante, p. 437.